IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:06-CV-00151-FL

| | |
|---|---|
| JOHN BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL ASTRUE, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on parties' cross motions for judgment on the pleadings (DE ##17, 21) and plaintiff's objection (DE #24) to the memorandum and recommendation ("M&R") issued by United States Magistrate Judge David W. Daniel. For the following reasons, the court grants defendant's motion for judgment on the pleadings.

STATEMENT OF THE CASE

Plaintiff filed the instant application for a period of disability and disability insurance benefits on July 9, 2003. Tr. 52. At hearing, plaintiff testified to a disability onset date of July 1, 2003. Tr. 15. Plaintiff's claim was denied initially and after reconsideration. Tr. 35-37, 41-43. Following an administrative hearing on November 30, 2005, where plaintiff, who was represented by an attorney, testified, and an impartial vocational expert testified, the Administrative Law Judge ("ALJ") found plaintiff not disabled in a decision dated January 11, 2006. Tr. 12-23. The Appeals Council denied plaintiff's request for review on September 25, 2006, rendering the ALJ's decision the final decision of the Commissioner. Tr. 4-6. Plaintiff filed the instant action, which was referred to a magistrate judge for M&R. The magistrate judge recommended that the undersigned grant defendant's motion

for judgment on the pleadings. M&R at 15-16. Plaintiff objected to the M&R on March 21, 2008, and defendant responded to plaintiffs objections on April 1, 2008.

STATEMENT OF THE FACTS

Plaintiff was forty-three (43) years old at time of filing of the instant motion and had served for twenty (20) years in the United States Marine Corps. Pl.'s Mem. Supp. at 2. After retiring from the Corps, plaintiff, a Gulf War era veteran, filed for Veteran's Administration Benefits and was found eligible on March 7, 2003. Id. Plaintiff worked part time at Camp Lejeune from June 2002, to July, 2003. Id. Plaintiff first applied for Social Security Administration benefits on July 9, 2003, alleging an onset date of June, 2002. Id. His initial application was denied on October 14, 2003, due to work after onset of alleged disability. Id. The notice of disapproved claim showed that plaintiff continued to work thirty (30) hours a month in 2003 at a wage rate of $9.03 per hour. Tr. 37. In 2002, plaintiff, working the same schedule, had earned $7,951.77 from June 2002, to December 2002, for an average of $1,135.96 per month. Id. Plaintiff's earnings were well above the level that denotes substantial gainful activity, and plaintiff's claim therefore was denied. Id.

Plaintiff never received a determination letter and was permitted to file an untimely request for reconsideration on February 23, 2005. Tr. 38. An administrative hearing was held on November 10, 2005. Tr. 12-23. At the hearing, plaintiff amended his onset date of alleged disability to July 2003. Tr. 272. Plaintiff testified that as of July 2003, he ceased to work at all because he "was unable to perform [his] duties." Tr. 274.

At the hearing, plaintiff testified that he suffers from chronic back pain that began when he fell about forty (40) feet off of a rappel tower in 1989. Tr. 275, 21. He uses a cane, can only sit for five minutes, and spends twenty (20) to twenty-two (22) hours a day either lying flat or with his feet up. Tr. 277. He performs no chores at home, and is not able to do anything at home that "gives

2

[him] pleasure anymore." Tr. 285. Plaintiff testified that nothing alleviates his pain, and his physician is holding surgery in reserve "as a last resort." Id. He takes medications for pain, which make him sleepy. Tr. 278. Plaintiff also suffers from sleep apnea and has been treated with a C-Pap machine with no improvement. Tr. 284.

In his decision, the ALJ reviewed the medical evidence in the record and found that "although the evidence shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the pain and other symptoms alleged, the evidence does not support the claimant's allegations of the intensity and persistence of such pain and other symptoms." Tr. 21. The ALJ highlighted inconsistencies in plaintiff's testimony, observed that plaintiff's use of a cane was not medically necessary, and noted that as recently as January, 2005, plaintiff was walking regularly for exercise. Id. The ALJ also noted that plaintiff continued to work in the Marine Corps for thirteen (13) years after the original fall that caused his injury and that plaintiff had continued to work even after he had first claimed to be disabled. Id. The ALJ found that plaintiff's complaints of pain were not consistent with the medical record. Id. He therefore found that plaintiff was capable of light work, and that his limitations do not preclude him from doing his past relevant work. Tr. 22-23.

In his M&R, the magistrate judge recommended that the Commissioner's motion for judgment on the pleadings be granted. M&R at 15-16. Specifically, the magistrate judge found that substantial evidence supported the ALJ's credibility determination, and that such evidence was adequately explained in the record. M&R 8-10. He determined that plaintiff has not presented enough evidence to support a colorable mental impairment claim and therefore the hypothetical posed to the vocational expert ("VE") was proper. M&R 10-12. He also found that the ALJ properly considered and discussed the VA's disability determination, and that plaintiff's past work

3

as a projectionist, although only part time, nonetheless constituted substantial gainful activity and therefore permissibly was considered by the ALJ in his analysis. M&R 13-15.

DISCUSSION

A.   Standard of Review

The court may "designate a magistrate [magistrate judge] to conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). "The magistrate . . . shall file his proposed findings and recommendations . . . with the court[.]" 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

When reviewing a decision of an administrative law judge, the court looks to whether there is substantial evidence to support the findings and whether the law was applied correctly. See 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (superseded by statute on other grounds). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (internal citation omitted); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays,

4

907 F.2d at 1456. Even if the court disagrees with Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Id. With these principles in mind, and having benefit of the M&R, the court turns to the objections at hand.

B.   Plaintiff's Objection

Plaintiff's objection is inchoate at best and fails to meet directly any of the magistrate judge's findings. Plaintiff begins by referencing the two part test for evaluation of pain and credibility, but thereafter merely recites details from a series of medical visits and evaluations, most of which suggest that plaintiff suffers from lower back pain. In the M&R, the magistrate judge described at length the ALJ's specific factual findings in support of his credibility determination. M&R at 8-10. The magistrate judge concluded that substantial evidence supported the ALJ's determination, and the court agrees. Even were the court to disagree with the ALJ's findings, which it does not, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds)). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Plaintiff next notes that he was "disabled for VA purposes," Pl.'s Objection at 2, and argues that he "left the service because he could no longer function as a marine." Plaintiff appears to conflate VA disability with DIB. It is correct that the ALJ must consider the disability determinations of other agencies. See, e.g., Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968). Nonetheless, the ALJ noted that the VA rating is based upon a different disability rating system. The magistrate judge determined that the ALJ appropriately considered the VA's rating, despite the fact

5

that it did not carry controlling weight in the distinct Social Security disability rating system analysis, and the court agrees.

Plaintiff contends that "[t]here was not an adequate or full evaluation of the record as a whole, in that none of the information supporting [plaintiff's] claims were discussed." Pl.'s Objection at 2. This is not true. Not only did the ALJ provide a detailed description of the relevant medical evidence, Tr. 17-20, but also the magistrate judge independently reviewed and considered the evidence in the record, including plaintiff's testimony at hearing. M&R 4-13. The "information supporting [plaintiff's] claims" was discussed and evaluated by both the ALJ and the magistrate judge, and need not be reviewed here again.

Finally, plaintiff urges the court not to be a mere rubber stamp for the ALJ. Id. Indeed, this court is statutorily obligated to engage in a *de novo* review of those portions of the M&R to which plaintiff has objected. 28 U.S.C. § 636(b)(1)(C). Having conducted an independent review of the record, however, the court finds no reason to disturb the findings of the ALJ. The court finds that the decision of the ALJ was supported by substantial evidence, adequately explained in the record, and should be sustained.

CONCLUSION

After careful review of the record in this case, the court finds that the law and substantial evidence support the ALJ's determination that plaintiff is not entitled to a period of disability or Disability Insurance Benefits within the framework of the Social Security Act. Accordingly, the court hereby ADOPTS the recommendation of Magistrate Judge Daniel as its own, and, for the reasons stated except as modified herein, plaintiff's motion for judgment on the pleadings (DE # 17) is DENIED, defendant's motion for judgment on the pleadings (DE # 21) is GRANTED, and the final decision of the Commissioner is UPHELD. The clerk is directed to CLOSE this case.

SO ORDERED, this the 9th day of May, 2008.

                                       LOUISE W. FLANAGAN
                                       Chief United States District Judge